IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPT. OF JUSTICE, TERRY HALPIN, 13TH JUDICIAL DISTRICT COURT, and JOHN AND JANE DOE,<br><br>Defendants. | CV-24-129-BLG-DLC<br><br><br>ORDER |

Plaintiff James Morrison, proceeding without counsel, has filed an Amended

Complaint alleging violations of his constitutional rights. (Doc. 4.) The Court must

abstain from hearing Morrison's Complaint, and it is dismissed without prejudice.

## I. STATEMENT OF THE CASE

### A. Parties

Morrison is detained at Yellowstone County Detention Facility. He is

proceeding in forma pauperis and without counsel. He names, as Defendants, the

Montana Department of Justice Sexual Offender Registry, Division of Criminal

Investigation, Terry Halpin, Clerk of the 13th Judicial District Court, the 13th

Judicial District Court itself, and John or Jane Doe, Executive Director of the

Montana Department of Justice. (Doc. 4 at 2 - 3.)

**B. Allegations**

Morrison was convicted of a sexual offense in 1991. (Doc. 4 at 6.) He was

released from Montana State Prison in February, 2003, and thereafter, required to

register as a sex offender under Montana's sex offender statute, Mont. Code Ann. §

46-23-501 et seq. Morrison alleges that he was ascribed Tier 3 status without

procedural safeguards. Morrison claims he has been deprived of substantive due

process, denied access to the courts, and been subject to a conspiracy to deprive

him of his civil rights. (Doc. 4 at 3.)

Of note, Morrison has a pending petition for a writ of habeas corpus in the

state courts. (Doc. 4 at 23.) The status of this proceeding is unknown.

Morrison seeks the following relief: to order Defendant Department of

Justice to establish procedural safeguards regarding the Tier 3 designation; to

remove Morrison's Tier 3 status; and to award money damages. (Doc. 4 at 6.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Morrison is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant if it is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.

A. Defendants

Terry Halpin, as a clerk of court, is immune from suit over Morrison's

allegations that he intentionally misplaced Morrison's motions. (Doc. 4 at 5.)

Defendant Halpin has quasi-judicial immunity as an employee of the court. Court

clerks and other non-judicial court employees have absolute quasi-judicial

immunity from damages for civil rights violations when they perform tasks that are

an integral part of the judicial process. *See Mullis v. United States Bankruptcy*

*Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citing various cases). As a result,

Halpin must be dismissed.

Morrison makes the same allegations against the 13th Judicial District Court.

(Doc. 4 at 5.) The Court is not a person who can be sued under 42 U.S.C. § 1983.

To the extent he means any judge, he has not named one, nor could one be named

to do a judge's absolute judicial immunity.

These defendants must also be dismissed on the basis of improper joinder. A

plaintiff may properly assert multiple claims against a single defendant. Fed. Rule

Civ. P. 18. A plaintiff may also join multiple defendants in one action where "any

right to relief is asserted against them jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of

transactions and occurrences" and "any question of law or fact common to all

defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, as here,

unrelated claims against different defendants must be pursued in separate lawsuits. The Court takes judicial notice of another of Morrison's lawsuits, *Morrison v. 13th Judicial District Court, et al.*, also pending in the District of Montana, CV 24-155-BLG-DLC. These defendants are dismissed here on substantive grounds. Without commenting on the viability of any claims regarding them, they are already defendants in another action that appears to arise out of the same series of occurrences. Morrison's claims against these defendants are factually and legally unrelated to his claims regarding his sex offender status.

B.  Legal Claim

As a result of the preceding analysis, what remains of Morrison's Amended Complaint are his claims that his obligation to register violates his substantive due process rights and violates the Constitution's ex post facto clause. Morrison's claims rely on two Montana state court cases.

Morrison relies on *State v. Samples*, 2008 MT 416, in which the Montana Supreme Court determined that a Tier 3 designation, such as Morrison's, implicates due process. For offenders who were not provided a tier under the statutory scheme at the time of sentencing, the Montana Code requires the Department of Corrections ("D.O.C.") to make the determination when the offender is released from confinement. Mont. Code Ann. § 46-23-509(4).  In *Samples*, the Supreme Court concluded that a designation by the Department of

Corrections may include false information, and thus, a person who was required to register had a liberty interest in contesting that information. *Id*., at ¶ 34. Samples was remanded to the sentencing court on his conviction for failing to register for a hearing to determine his appropriate sex offender level. *Id*., at ¶ 36.

Morrison also relies on *State v. Hinman*, 2023 MT 116, which limited the retroactive application of certain aspects of Montana's Sexual or Violent Offender Registration Act ("SVORA"). Both the *Samples* and *Hinman* courts relied on Montana state constitutional law, so the extent to which those cases reveal a violation of federal law that can be addressed in this Court is undecided. The Eleventh Amendment bars claims where a plaintiff seeks prospective injunctive relief enjoining a state official's violation of *state law*. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 105–06, 121 (1984). In other words, under *Pennhurst*, claims requesting that a federal court enjoin a state official's actions on the basis of a Montana Constitutional violation are barred by the Eleventh Amendment absent a waiver of sovereign immunity. *Rios-Diaz v. Butler*, 2014 WL 12591682, *3–4 (D. Mont. 2014). To the extent Morrison asserts that *Samples* and *Hinman* mandate the same result in federal court, he is mistaken.

Morrison seeks punitive damages, but he cannot obtain monetary damages from the State of Montana, its agencies, or its officials in their official capacities. (Doc. 4 at 6.) The Eleventh Amendment states that "[t]he Judicial power of the

United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI;

*see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme

Court has interpreted this amendment to mean that absent waiver, neither a State

nor an agency of the State acting under its control may "be subject to suit in federal

court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506

U.S. 139, 144 (1993).

One exception to the general prohibition of the Eleventh Amendment is that

it does not bar suits for prospective declaratory or injunctive relief against state

officials in their official capacity. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261

(1997). Morrison could proceed on his requests for injunctive relief, if they were

otherwise proper, but his request for punitive damages is barred. Thus, the Court

considers his Complaint only from the perspective of what injunctive relief could

be granted, in what context.

Assuming, without deciding, that this Court could conclude that Morrison

has a federal liberty interest in his offender designation, and not just a state

interest, where does that leave this matter procedurally? Cases since *Samples*,

including *Hinman,* and *Samples* itself, have addressed modification of an

offender's tier during ensuing proceedings related to their original charge. *See,*

*e.g., State v. Claassen*, 2012 MT 313, in which Claassen's tier was increased upon revocation of his suspended sentence. It appears, then, that the likely forum for consideration of Morrison's designation is or was in state proceedings related to his conviction. His Complaint does not state what his current charges are, and whether they are related to his registration requirement, but that would likely be the proper forum for his claims here. He does, however, state that he has a current state law petition pending regarding this claim. (Doc. 4 at 23.) The Court concludes that it must abstain from consideration of Morrison's claim until or unless he concludes his state court proceedings on this matter, including any available appeal.

There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San*

*Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th

Cir. 1998) (noting that the district and appellate courts can raise the issue *sua*

*sponte*).

"Abstention in civil cases 'is appropriate only when the state proceedings:

(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's

interest in enforcing the orders and judgments of its courts, (3) implicate an

important state interest, and (4) allow litigants to raise federal challenges.'" *Cook*

*v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare,*

*Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint*

*Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements"

are met, then the Court must "consider whether the federal action would have the

practical effect of enjoining the state proceedings and whether an exception to

*Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978,

983–84.

Here, the "threshold elements" of *Younger* are present. First, Morrison's

allegations relate to ongoing quasi-criminal proceedings against him, because they

involve the scope of his state law requirement to register as a result of his state law

criminal conviction. State proceedings are criminal enforcement actions that

implicate an important state interest to enforce the local and state laws. *See*

*Younger*, 401 U.S. at 43-44. The State of Montana has a significant state interest in

managing the conduct of offenders under the laws of Montana.  This Court may

not interfere with those interests when the process is ongoing.

Morrison will have an adequate opportunity in the state district court to raise

any issues he has regarding his federal rights. "[T]he threat to the plaintiff's

federally protected rights must be one that cannot be eliminated by his defense

against a single criminal prosecution." *Younger*, 401 U.S. at 46.  Morrison has

opportunities under Montana law to address any alleged violations of his federal

rights.

"*Younger* abstention is proper only when the federal relief sought would

interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321

F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Morrison's

ongoing state petition would have the effect of interfering with the "state courts'

ability to enforce constitutional principles and put the federal court in the position

of making a premature ruling on a matter of constitutional law."  *Gilbertson*, 381

F.3d at 984. To rule on Morrison's Complaint in these circumstances would

impermissibly risk interfering with the State of Montana's administration of its

judicial system, and that is especially relevant when the registration Morrison

objects to is a matter of state law alone.

If all four prongs of the *Younger* test are satisfied, then the Court must

abstain from adjudicating Morrison's claims. Absent exceptional circumstances,

district courts do not have discretion to avoid the doctrine if the elements of

*Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092

(citation omitted). The recognized exceptional circumstances are limited to "a

'showing of bad faith, harassment, or some other extraordinary circumstance that

would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics*

*Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Morrison

has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks

monetary damages, the proper procedural remedy is to stay the federal proceedings

pending the outcome of the ongoing state proceedings. If the federal plaintiff seeks

only injunctive or declaratory relief, as Morrison does when properly construed,

the proper procedural remedy is dismissal of the federal action.

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

Accordingly, it is HEREBY ORDERED:

1.      Morrison's Complaint is DISMISSED, without prejudice. Following

his exhaustion of his state court remedies, if he believes he can state a federal

cause of action, he may refile in this Court.

2.      The Clerk of Court is direct to close this matter.

3.      The Clerk of Court is directed to have the docket reflect that the Court

certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.

DATED this 23rd day of December, 2024.

Dana L. Christensen, District Judge
United States District Court